[No. 14517-1-II.   Division Two.   December 21, 1992.]

PUGET SOUND AIR POLLUTION CONTROL AGENCY, *Appellant*, v. FIELDS PRODUCTS, INC., ET AL, *Respondents*.

84

*Keith D. McGoffin* and *McGoffin & McGoffin,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Richard A. Heath, Senior Assistant,* for respondents.

ALEXANDER, J. — The Puget Sound Air Pollution Control Agency (Puget Sound) appeals an order of the Thurston County Superior Court affirming the Pollution Control Hearings Board's suspension of a $400 civil penalty that Puget Sound imposed against Fields Products, Inc. Puget Sound contends on appeal that the Board did not have the statutory authority to suspend the penalty. We affirm the Superior Court and the Board.

Fields Products, Inc. manufactures roofing material in Tacoma. The manufacturing process involves the soaking of felt in heated asphalt. On the morning of October 26, 1988, a Puget Sound inspector observed a plume of smoke emanating from a smokestack at Fields' plant. The inspector took two readings of the plume's opacity and noted that they "ranged between 40 and 55 percent." He also took photographs of the plume and contacted Fields' plant superintendent and production manager. The inspector told them that

because of his observations the company would be cited with a violation of Puget Sound's regulation 1, section 9.03(a), entitled "Emission of Air Contaminant: Visual Standard". Thereafter, Puget Sound issued a civil penalty of $400 pursuant to the former version of RCW 70.94.431.[1]

Fields appealed the penalty to the Pollution Control Hearings Board. After a hearing, the Board concluded that Fields exceeded the emission standards but it suspended the penalty on condition that Fields not violate Puget Sound's opacity standards for a period of 1 year from the date of the suspension.[2] Puget Sound appealed that decision to the Thurston County Superior Court, arguing that the Board did not have the statutory authority to suspend the penalty. The Superior Court affirmed the Board.

The only issue before us is whether the Board had the statutory authority to suspend the $400 fine.[3] Puget Sound

---

[1] At the time pertinent to this case, RCW 70.94.431 provided, in part, as follows:

"**Civil penalties.** (1) In addition to or as an alternate to any other penalty provided by law, any person who violates any of the provisions of chapter 70.94 RCW *or any of the rules and regulations of the department or the board* shall incur a civil penalty in an amount not to exceed one thousand dollars per day for each violation. Each such violation shall be a separate and distinct offense, and in case of a continuing violation, each day's continuance shall be a separate and distinct violation. For the purposes of this subsection, the maximum daily fine imposed by a local board for violations of standards by a specific emissions unit is one thousand dollars. . . ." (Italics ours.)

[2] Although the Board did not specifically indicate why it suspended the penalty, it did make the following conclusion of law:

"The principal aim of civil penalties is to deter violations and to secure compliance.

"On this record, the appellant has shown it is making considerably more than a token effort at compliance. The source test shows that particulate emissions are well within the relevant standard. The opacity standard, though valid, is not intended to regulate steam. Therefore, what emerges is a technical violation, not a problem which presents a serious demonstrated threat of injury. No proof was made of a pattern of violations. No attempt was made to show that appellant's control system is inadequate. The incident in question appears to be an anomaly."

[3] Puget Sound has not argued that the Board abused its discretion in suspending the penalty. It argues only that the Board lacked authority to do so.

argues that the Board's power to suspend penalties imposed by pollution control agencies was taken away by the Legislature when it amended a provision in Washington's clean air act, RCW 70.94.431. That section, among other things, formerly provided as follows:

> When a request is made for a hearing, the penalty shall become due and payable only upon completion of all review proceedings and the issuance of a final order affirming the penalty *in whole or part.*

(Italics ours.) Former RCW 70.94.431(3). In 1987, the Legislature adopted the so-called "ecology procedures simplification act of 1987", and eliminated the quoted language. Laws of 1987, ch. 109, § 19, p. 338. The Board responds that its authority to suspend the penalty imposed by Puget Sound flowed not from the statutory language quoted above, but rather from its general authority under the statutes establishing the Pollution Control Hearings Board and conferring jurisdiction upon it to hear and decide appeals from decisions of the various pollution control authorities. In particular, the Board calls to our attention former RCW 43.21B.110, which provides:

> **Pollution control hearings board jurisdiction.** (1) The hearings board shall only have jurisdiction to hear and decide appeals from the following decisions of the department, the director, and the air pollution control boards or authorities as established pursuant to chapter 70.94 RCW, or local health departments:
> (a) Civil penalties imposed pursuant to RCW 70.94.431, 70.105.080, 70.107.050, 90.03.600, 90.48.144, and 90.48.350.

Puget Sound agrees that the Board's purpose is to hear appeals from pollution control agencies and that the Board is empowered to make findings of fact and written decisions in the cases it considers.[4] It contends, however, that the Board cannot review the propriety of the penalty, and that its authority is limited to determining if a violation occurred.

---

[4] *See* RCW 43.21B.010 (purpose of Pollution Control Hearings Board) and RCW 43.21B.100 (Board to make findings of fact and written decisions).

We do not read the statutes establishing the Board so narrowly.

■ In enacting RCW 43.21B, the Legislature established the Pollution Control Hearings Board as the body to hear appeals from decisions of the various pollution control agencies in the state. Under the enactment, the Board was given broad power to conduct hearings in contested cases pursuant to the State's Administrative Procedure Act (APA), RCW 34.05.[5] Indeed, former RCW 43.21B.300(2) specifically provides that civil penalties may be appealed to the Board. It provides, in part:

> (2) *Any penalty imposed under this section may be appealed to the pollution control hearings board* in accordance with this chapter if the appeal is filed with the hearings board and served on the department or authority thirty days after receipt by the person penalized of the notice imposing the penalty or thirty days after receipt of the notice of disposition of the application for relief from penalty. . . .

(Italics ours.)

■ If we were to agree with Puget Sound's assertion that the amount of the penalty imposed by that agency is not reviewable by the Board, we would be recognizing unprecedented powers on the part of a law enforcement agency. Under such a holding, the Puget Sound Air Pollution Control Agency would have absolute discretion to impose any penalty it wished as long as it did not exceed the maximum permitted by RCW 70.94.431(1). We do not believe that the Legislature intended such a scheme. Puget Sound did not conduct any hearings or provide any due process to Fields Products before it imposed the penalty. Indeed, it was not required to do so. It simply notified Fields that it was issuing a civil penalty, much like the policeman on the beat would issue a citation to a traffic offender. The Board, on the other hand, provided Fields Products its one and only hearing at which testimony and other evidence was offered and

---

[5] RCW 43.21B.240 specifically provides that air authorities do not have the authority to hold adjudicative proceedings.

received. We believe that the forum, to which the "penalty" may be appealed, has the implicit authority to judge the propriety of the penalty as well as the existence of a violation.

■ Puget Sound calls our attention to a portion of RCW 43.21B.300(1), which was also adopted as part of the ecology procedures simplification act of 1987, and argues that because Puget Sound is given the power in that statute to mitigate penalties, the Board does not possess the same power.[6] We disagree. We are satisfied that Puget Sound had the power to remit or mitigate penalties even before the enactment of RCW 43.21B.300(1). The fact that a formalized process is established that allows mitigation of penalties in "extraordinary circumstances" does not, in our judgment, destroy one's right to appeal the imposition of the penalty to the Board. The remission and mitigation procedures set forth in RCW 43.21B.300 are not the equivalent of a formal hearing conducted within the umbrella of APA procedural safeguards. Consequently, the existence of these procedures does not support an argument that the Board lacks power to suspend penalties imposed by Puget Sound.

Affirmed.

PETRICH, C.J., and MORGAN, J., concur.

---

[6]RCW 43.21B.300(1) provides, in part: "Within fifteen days after the notice is received, the person incurring the penalty may apply in writing to the department, the administrator, or the authority for the remission or mitigation of the penalty. Upon receipt of the application, the department, the administrator, or authority may remit or mitigate the penalty upon whatever terms the department, the administrator, or the authority in its discretion deems proper. The department or the authority may ascertain the facts regarding all such applications in such reasonable manner and under such rules as it may deem proper and shall remit or mitigate the penalty only upon a demonstration of extraordinary circumstances such as the presence of information or factors not considered in setting the original penalty."